```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BASHAN BRADY,
                                                              REPORT
                    Petitioner,                                and
            v.                                            RECOMMENDATION
                                                       ----------------------------
TIMOTHY McCARTHY,                                          DECISION
JULIE WOLCOTT, Superintendent of Orleans                      and
  Correctional Facility, and                                 ORDER
ANTHONY ANNUCI, Acting Commissioner of
  Dept. of Corrections and Community Supervision,        19-CV-1280Si(F)

                    Respondents.
_____

APPEARANCES:        BASHAN BRADY, Pro se
                    16-B-3714
                    Orleans Correctional Facility
                    3531 Gaines Basin Road
                    Albion, New York 14411-9199

                    LETITIA A. JAMES
                    ATTORNEY GENERAL, STATE OF NEW YORK
                    Attorney for Respondents
                    MATTHEW B. KELLER, and
                    PAUL B. LYONS
                    Assistant Attorneys General, of Counsel
                    28 Liberty Street
                    15th Floor
                    New York, New York  10005
```

## JURISDICTION

Petitioner commenced this action on August 26, 2019, requesting habeas relief pursuant to 28 U.S.C. § 2254.  On April 2, 2020, Honorable John L. Sinatra, Jr. referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters. The matter is presently before the court on Respondent's motion to dismiss the petition

as untimely and unexhausted, filed February 27, 2020 (Dkt. 9), and Petitioner's motion to amend the Petition, filed June 3, 2021 (Dkt. 16).[1]

## BACKGROUND and FACTS[2]

Petitioner Bashan Brady ("Petitioner" or "Brady"), proceeding *pro se*, filed a petition (Dkt. 1) ("First Petition"), seeking habeas relief challenging two state court convictions in New York State Court, Monroe County, including a 1997 conviction by plea, as a juvenile, to a second degree murder in violation of New York Penal Law ("N.Y. Penal Law") § 125.25[1] ("the first conviction"), as well as a 2016 conviction by jury on two counts of second degree robbery in violation of N.Y. Penal Law § 160.10[1], [2](a) ("the second conviction").  By letter to District Judge John L. Sinatra, Jr. dated February 27, 2020, Respondent moved to dismiss the Petition as time-barred with regard to the first conviction, and as unexhausted with regard to the second conviction. (Dkt. 9) ("Respondent's Motion").  Respondent alternatively requested an extension of time to answer the First Petition on the merits.  In opposition, Petitioner filed on March 27, 2020, the Affidavit in Support of Notice of Motion (Dkt. 11) ("Petitioner's Response"). On April 1, 2020, Respondent filed a letter in further support of Respondent's Motion (Dkt. 12) ("Respondent's Reply").[3]

On March 19, 2021, Petitioner's second conviction was affirmed by New York Supreme Court, Appellate Division, Fourth Department, *People v. Brady*, 140 N.Y.S.3d

---

[1] Although Respondent's motion seeking to dismiss the Petition is dispositive, whereas Petitioner's motion to amend the Petition is nondispositive, the court addresses both motions in this combined Report and Recommendation/Decision and Order in the interest of clarity and judicial efficiency.
[2] The Facts are taken from the pleadings and motion papers filed in this action.
[3] On May 14, 2020, Petitioner filed a separate petition ("second petition") seeking release relating to his health, which was docketed as *Brady v. Wolcott*, 20-CV-580-JLS ("Second Petition").  By Order filed June 17, 2020, the second petition was consolidated with the instant action, with instructions that all future docketing be done only in the instant case.  *Brady v. Wolcott*, 20-CV-580-JLS, Dkt. 8.

846 (4th Dept. 2021), and leave to appeal to the New York Court of Appeals was denied on May 20, 2021. *People v. Brady*, 170 N.E.3d 396 (N.Y. 2021) (table). Petitioner did not seek further appeal to the United States Supreme Court and the 90-days in which to do so has expired. *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009) (holding when a petitioner does not seek *certiorari* in the United States Supreme Court, a state conviction becomes final ninety days after the New York Court of Appeals denies leave to appeal). On June 3, 2021, Petitioner filed a motion to amend the First Petition to reflect that the claims raised with regard to the second conviction have been exhausted in state court. (Dkt. 16) ("Petitioner's Motion"). On June 29, 2021, Respondent filed a letter to the undersigned opposing Petitioner's Motion (Dkt. 18) ("Respondent's Response"). By letter to the undersigned dated July 8, 2021, Petitioner replied in further support of Petitioner's Motion (Dkt. 19) ("Petitioner's Reply"). Oral argument was deemed unnecessary.

Based on the following, Respondent's Motion should be GRANTED with regard to the first conviction which should be DISMISSED as time-barred, and is DISMISSED as moot with regard to the second conviction; Petitioner's Motion is DENIED.

## DISCUSSION

Respondent moves to dismiss Petitioner's claims for habeas relief with regard to the first conviction on the basis that habeas relief for such conviction by plea in 1997 is now time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which places a one-year statute of limitations on a prisoner's right to seek federal habeas review of a state criminal conviction pursuant to 28 U.S.C. § 2254. Respondent's Motion at 3-5 (citing 28 U.S.C. § 2244). The one-year limitations period

3

applicable to habeas petitions "'runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015), *as corrected* (Nov. 12, 2015) (quoting *Rivas v. Fischer,* 687 F.3d 514, 533 (2d Cir.2012) (internal quotation omitted)). "A petitioner may secure equitable tolling of the limitations period in certain 'rare and exceptional circumstance[s].'" *Martinez*, 806 F.3d at 31 (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). (internal quotation marks omitted), and citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)). To secure equitable tolling, "[t]he petitioner must establish that (a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the period for which he now seeks tolling." *Id*. (quoting *Smith,* 208 F.3d at 17).

Respondent argues Petitioner has not alleged any basis for statutory equitable tolling, requiring dismissal of the First Petition relative to the first conviction. Respondent's Motion at 3-5. In opposition, Petitioner maintains that the First Petition is timely with regard to the first conviction relying on *Miller v. Alabama*, 567 U.S. 460 (2012) ("*Miller*"), which held that mandatory life sentences without parole are unconstitutional for homicide offenses committed by juveniles, as well as *Montgomery v. Louisiana*, 577 U.S. 190 (2016), which held *Miller* applies retroactively to cases on collateral review. As Respondent contends, Respondent's Reply at 2, however, Petitioner was not sentenced in connection with the first conviction to mandatory life without parole but, rather, was sentenced as a juvenile offender to eight years to life. Petitioner does not proffer any argument to counter Respondent's contention. *See*

4

Petitioner's Response, *passim*. Accordingly, *Miller* is inapplicable to the instant case and does not provide the "rare and exceptional circumstances" to toll the one-year limitations period applicable to Petitioner's request for habeas relief with regard to his first conviction. Respondent's Motion therefore should be GRANTED with regard to Petitioner's first conviction.

Insofar as Petitioner seeks habeas relief for his second conviction, "[u]nder 28 U.S.C. § 2254(b), applicants for habeas corpus relief must 'exhaust[ ] the remedies available in the courts of the State.'" *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991) (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990)). "In doing so, a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." *Id*. (citing *Pesina,* 913 F.2d at 54). "The state court must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim." *Id*. at 119-20 (citing *Morgan v. Jackson,* 869 F.2d 682, 684 (2d Cir.), *cert. denied,* 493 U.S. 920 (1989); *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982)).

In the instant case, although when Petitioner filed the First Petition, the claims raised therein regarding the second conviction had not been presented on appeal to the New York courts, such that the claims were not exhausted, since then, Petitioner has exhausted such claims. Accordingly, Respondent's Motion to dismiss the First Petition with regard to the second conviction is DISMISSED as moot.

As regards Plaintiff's Motion seeking to amend the First Petition, "[b]ecause a motion to amend is not a successive habeas petition . . . , the standard for granting or denying a motion to amend is governed by Federal Rule of Civil Procedure 15(a)."

n
n

*Graham v. United States of America*, 2021 WL 2983070, at * 5 (W.D.N.Y. July 9, 2021) (citing *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001). Rule 15(a) provides that leave to amend "shall be freely granted when justice so requires." Fed.R.Civ.P. 15(a). Nevertheless, a district court may properly deny leave where, as here, the petitioner fails to attach a copy of the proposed amended petition such that it is not possible to discern what amendments are proposed. *See McCray v. Griffin*, 2021 WL 4437169, at * 2-3 (W.D.N.Y. Sept. 28, 2021) (denying habeas petitioner's motion to amend where proposed amended petition was not provided). Accordingly, Petitioner's Motion is DENIED without prejudice.

## CONCLUSION

Based on the foregoing, Respondent's Motion (Dkt. 9) should be GRANTED with regard to the first conviction with that portion of the First Petition DISMISSED as time-barred, and DISMISSED as moot with regard to the second conviction; Petitioner's Motion (Dkt. 16) is DENIED. Petitioner is directed to file an answer to the First Petition pertaining to the second conviction within fourteen (14) days of receipt of this combined Report and Recommendation/Decision and Order.

SO ORDERED, as to Petitioner's Motion.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Respondent's Motion,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 30th, 2021
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.  Pursuant to Fed.R.Civ.P. 72(a), Petitioner shall have fourteen (14) days from service of this Decision and Order to file written objections with the District Judge.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and the Respondents.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 30th, 2021
         Buffalo, New York