UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BASHAN BRADY,

      Petitioner,

v.

TIMOTHY MCCARTHY, ET AL.,

      Respondents.

19-CV-1280 (JLS) (LGF)

---

## DECISION AND ORDER

Petitioner Bashan Brady commenced this proceeding on August 26, 2019,[1] when he filed a Petition under 28 U.S.C. §§ 2254 for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. The petition challenges Brady's 1997 conviction on one ground, and his 2016 conviction on three grounds. *See id.*

Respondent[2] moved to dismiss the petition, arguing that the claim with respect to Brady's 1997 conviction was untimely, and that the claims with respect to Brady's 2016 conviction were unexhausted. Dkt. 9. Brady responded to the motion, and Respondent replied. Dkt. 11; Dkt. 12. Brady then filed an additional response. Dkt. 14.

---

[1] Brady certified that he placed the petition into prison mailing system on August 22, 2019. *See* Dkt. 1.

[2] The docket lists multiple respondents by virtue of this Court's order in 20-CV-580 (Dkt. 8), directing that 20-CV-580—in which Brady also was the petitioner—be consolidated into this case. Because the proper respondent here is the one with custody of Brady, the Court uses Respondent (singular) here.

Later, Brady moved for leave to amend the petition, noting that "as of May 20, 2021, [he] ha[d] exhausted all arguments presented in th[e] petition at the [s]tate [c]ourt level." Dkt. 16. Respondent opposed the motion, and Brady replied. Dkt. 18; Dkt. 19.

This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 13. On September 30, 2021, Judge Foschio issued a combined Report and Recommendation and Decision and Order: (1) recommending that this Court grant Respondent's motion as to the claim based on Brady's 1997 conviction because that claim was time-barred; (2) recommending that this Court deny as moot Respondent's motion as to the claims based on Brady's 2016 conviction because Brady had since exhausted those claims; and (3) denying Brady's motion for leave to amend, without prejudice, for failure to attach a proposed amended petition. Dkt. 22.

No party objected—either to the Report and Recommendation portions or the Decision and Order portion of Dkt. 22—and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Brady submitted an "answer" to the Report and Recommendation, dated October 7, 2021, in which he summarized its effect—namely, that the claim related to his 1997 conviction would be dismissed, and the claims related to his 2016 conviction would proceed—and indicated that he did not object to that outcome. Dkt. 23.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects, and must review any objected-to portion of a magistrate judge's order for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Though not required to do so here, this Court nevertheless reviewed Judge Foschio's Report and Recommendation and the relevant record. Based on that review, and absent any objections, the Court accepts and adopts the Report and Recommendation.[3]

For the reasons stated above and in the Report and Recommendation, the Court **GRANTS, in part, and DENIES, in part, Respondent's motion to dismiss (Dkt. 9)**. Specifically, the Court grants Respondent's motion with respect to the claim based on Brady's 1997 conviction, which is time-barred, and denies as moot Respondent's motion with respect to the claims based on Brady's 2016 conviction, which now are exhausted.

Respondent answered the petition as directed. *See* Dkt. 31. Brady's reply is due within 21 days of receiving Respondent's answer, as directed in Dkt. 25. The

---

[3] The Court takes no action with respect to Judge Foschio's Decision and Order regarding Brady's motion for leave to amend because, absent objections, that order is not before the Court.

case is referred back to Judge Foschio to consider the remaining claims in the petition, consistent with the April 2, 2020 referral order (Dkt. 13).

The Clerk of Court shall mail a copy of this decision and order to Brady at his address of record.

SO ORDERED.

Dated: December 10, 2021
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE